# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| Kurt W Stegman | : | Case No. 1:18−bk−04071−HWV |
| Debtor | : | Chapter 13 |
| | | |
| Kurt W Stegman | : | Motion for Sale Free and Clear |
| Movant | : | |
| v. | : | |
| Charles J. DeHart, III, Esquire, Trustee | : | |
| U.S. Bank Trust National Association | : | |
| Internal Revenue Service | : | |
| Pennsylvania Department of Revenue | : | |
| Respondent(s) | : | |

## ORDER

**UPON** consideration of the Motion for Approval of Sale of and Approving the Distribution of Proceeds of certain real estate, located at 2012 Jay Street, Lebanon, Pennsylvania 17046, and it appearing that no Objection or Answer was filed to the Motion by the time set forth in an Order, good reason appearing, no objections appearing thereto,

**IT IS HEREBY ORDERED AND DECREED** that Federal Bankruptcy Rule 6004(g) is not applicable, and the real property may be sold and purchased immediately upon entry of Order of Court approving same and that the sale of real estate at 2012 Jay Street, Lebanon, Pennsylvania 17046 (Lebanon County), free and clear of liens, to Andrew Bernhardt for $219,000.00 is approved and distribution of the proceeds as set forth below shall be permitted:

1.      Closing costs including recording fees, document preparation fees, real estate transfer taxes, which are the responsibility of Debtor, and

2.      Payment of past due real estate taxes, if any, and present real estate taxes, if any, prorated to the date of settlement, and

3.      Payment of municipal claims, including past due sewer, water, or refuse charges, if any, and any present municipal claims prorated to the date of settlement, and

4.      Payment to Attorney Leonard Zagurskie, Jr., the sum of $500.00 at settlement as compensation for the preparation, filing and prosecution of this motion to sell as legal fees, and

5.     As long as same is a valid lien on subject Real Property, payment in full of U.S. Bank Trust National Association, lienholder, or else the sale will not occur.

6.     Payment to Charles J. DeHart, III, Esquire, Trustee, the standing Chapter 13 trustee, the balance due on Debtor's Plan, to be deposited in the Estate Account and distributed by the standing trustee to creditors and to his applicable commission, in accordance with proof of claims filed in Debtor's case and Debtor's confirmed plan. Among the claims filed in the instant case that shall be paid in full include two (2) creditors with priority claims that shall be paid in full: Internal Revenue Service, and the Pennsylvania Department of Revenue.

7.     If there arc net proceeds remaining after paying all of the costs, fees and liens set forth in the preceding paragraphs, then payment of any and all attorney fees owed to Debtor's counsel for representation in the above matter and which have been previously approved by the Court.

8.     If there are net proceeds remaining after paying all the costs, fees and liens set forth in the preceding paragraphs, then the remaining balance, if any, shall be distributed to the Debtor.

Dated:  March 19, 2021          By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge (LS)